FILED

SEP 30 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION

**SHARKY'S SPORTS BAR CORP., DOUBLE DUCE CORP., PAMELA ROSSI, and STEVEN ROSSI,**
Plaintiffs,
v.
**THE VILLAGE OF MT. MORRIS, ILLINOIS; PHIL LABASH; MICHAEL CICCHETTI; CASPER MANHEIM; BROCK SWANLUND; HEATHER SWANLUND; R.E. WOLBER & SONS EXCAVATING INC.; MORING TRANSIT, INC.; JUSTIN COLTRAIN; and CASPER'S HOME INSPECTION, LLC,**
Defendants.

Case No.: 24-cv-50457
Judge: Iain D. Johnston
Magistrate Judge: Margaret J. Schneider

# SWANLUND DEFENDANTS' MOTION TO DISMISS FOURTH AMENDED COMPLAINT OR, ALTERNATIVELY, FOR JUDGMENT ON THE PLEADINGS

Defendants Brock and Heather Swanlund ("Swanlunds"), pro se, respectfully move to dismiss all claims asserted against them in Plaintiffs' Fourth Amended Complaint under Fed. R. Civ. P. 12(b)(6), or alternatively for judgment on the pleadings under Rule 12(c).

I. INTRODUCTION
Plaintiffs again attempt to hold two private former landlords liable for a fire caused solely by tenant Justin Coltrain's independent negligence. Plaintiffs allege no facts showing the Swanlunds acted under color of state law, created a dangerous condition, or had notice of any latent defect before the April 16, 2024 blaze. The claims fail under federal and Illinois law.

II. LEGAL STANDARD
A complaint must plead sufficient facts to state a plausible claim. Conclusory statements do not suffice. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). Rule 12(c) permits judgment on the pleadings when no material fact dispute exists and the movant is entitled to judgment as a matter of law.

III. ARGUMENT

A. No State Action – §1983 Claims Fail
Private landlords are not state actors. Plaintiffs allege no facts showing the Swanlunds exercised governmental authority. All constitutional claims must be dismissed.

B. No Duty Because No Notice & Tenant Controlled Utilities
The lease placed responsibility for utilities, including water, on tenant Justin Coltrain. The Swanlunds

had no actual or constructive notice that a shutoff rendered the property unsafe. No Village or County official notified them, and the first "unfit" letter was never served before the fire. Past inspections (e.g., by County Building Inspector Casper Manheim) found the property suitable. Illinois law imposes no duty absent knowledge of a latent defect. See Rowe v. State Bank of Lombard, 530 N.E.2d 377 (Ill. 1988); O'Sullivan v. City of Chicago, 24 N.E.3d 265 (Ill. 2015).

C. Tenant's Independent Negligence Is Sole Proximate Cause
Justin Coltrain's fireworks/torch use caused the April 16, 2024 fire. His acts break any causal chain.

D. Conversion / Takings / Public Nuisance Theories Lack Facts
Plaintiffs allege no facts showing the Swanlunds exercised dominion over their property or participated in any taking or nuisance.

IV. CONCLUSION
The Fourth Amended Complaint fails to state a claim. Defendants request dismissal with prejudice or judgment on the pleadings.