IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Sharky's Sports Bar, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> Village of Mt. Morris Illinois, *et al.* <br><br> Defendants. | Case No.: 24-cv-50457 <br><br> Judge Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

A fire destroyed Plaintiffs' restaurant, Sharky's Sports Bar. Unlike the phoenix, only this action arose from the ashes.

Plaintiffs collectively owned and operated Sharky's Sports Bar in Mt. Morris, Illinois. They brought this action against several individuals and entities connected to the fire and its aftermath. Before the Court is a motion for judgment on the pleadings [236] by Defendants Heather Swanlund and Brock Swanlund. The Swanlunds filed the latest motion after receiving notice from the Court that their previous motion [176] did not comply with Rule 11. For the following reasons, the motion is denied.

**Background**[1]

---

[1] This is certainly not the whole story. It's merely the part of the story that relates to the Swanlunds and is necessary for deciding this motion. Based on the conduct of the litigation so far, the Court anticipates that it may take significant time to unravel the entire story despite the Court's best efforts to "secure the just, speedy, and inexpensive" resolution of the action. Fed. R. Civ. P. 1. The parties are reminded of their obligation to strive for the same.

At the time of the fire, Sharky's Sports Bar shared a wall with a building owned by the Swanlunds. Fourth Am. Compl. Dkt. 150 at ¶ 27. The Swanlunds' property had the address 1 N. Wesley St., Mount Morris, Illinois 61054. *Id.* at ¶ 25. Defendant Justin Coltrain and his girlfriend, Amanda Newby, rented a second-floor apartment unit in that building from the Swanlunds located at 1 1/2 N. Wesley St. Mount Morris, Illinois. *Id.* at ¶ 26. On January 5, 2023, the Village disconnected water services to the Swanlunds' property because of an outstanding water bill without first conducting a hearing. *Id.* at ¶¶ 29, 30, 33. The last water bill was addressed to the Swanlunds at the 1 1/2 N. Wesley St. address. *Id.* at ¶ 29.

Despite the water shutoff, Coltrain and Newby continued to reside in the second-floor apartment until the fire. *Id.* at ¶ 26. Newby regularly went to Sharky's for water. *Id.* at ¶ 61. At some point, Brock Swanlund told a Sharky's bartender that it wasn't his problem if his property did not have water. *Id.* at ¶ 62. On April 4, 2024, the Village sent Brock Swanlund a certified letter informing him that his property was unfit for human occupancy. *Id.* at ¶ 54. The letter informed Swanlund that he had until April 18, 2024, to correct the violation. *Id.* at ¶ 55.

On April 16, 2024, Coltrain set off bottle rocket fireworks near the Swanlunds' property. *Id.* at ¶ 63. One entered the structure itself and appeared to ignite a fire. *Id.* at ¶ 64. Newby and another witness ran into Sharky's for water to put out the fire. Coltrain also ran to Sharky's and took a mop bucket filled with water and dish soap. *Id.* at ¶¶ 65–68. These efforts failed and the fire spread to Sharky's, causing significant damage. *Id.* at ¶ 68.

**Legal Standard**

A motion for judgment on the pleadings is made after the answer is filed. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Swanlunds filed their answer [177]. But because the Swanlunds challenge the sufficiency of the complaint, the standard used to decide the motion is the same as for a motion to dismiss. *Federated Mut. Ins. Co.*, 983 F.3d at 313.

A complaint requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court is limited to considering the matters within the pleadings. *See Federated Mut. Ins. Co.*, 983 F.3d at 313 (explaining that a court must convert a motion for judgment on the pleadings into a motion for summary judgment if it considers material outside the pleadings).

Judgment will be granted when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). The Court will view the pleadings in the light most favorable to the non-moving party. *Id.* The Court must also draw reasonable inferences in favor of the non-movant. *Wagner v. Teva Pharms. USA, Inc.*, 840 F.3d 355, 358 (7th Cir. 2016). The burden of establishing a complaint's insufficiency is on the movant. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

**Analysis**

**Premise Liability**

3

Plaintiffs brought one count against the Swanlunds and entitled it "Premises Liability – Failure to Maintain a Safe Premises." Labeling the count this way and defending it in response to the Swanlunds' motion is somewhat baffling. Illinois Courts have set out the requirements for premise liability:

> (1) A condition on the property presented an unreasonable risk of harm to people on the property;
> (2) The defendant knew or in the exercise of ordinary care should have known of both the condition and the risk;
> (3) The defendant could reasonably expect that people on the property would not discover or realize the danger or would fail to protect themselves against such danger;
> (4) The defendant was negligent in one or more ways;
> (5) The plaintiff was injured; and
> (6) The defendant's negligence was a proximate cause of the plaintiff's injury.

*Hope v. Hope*, 924 N.E.2d 581, 584 (Ill. App. 2010).

Premise liability claims are centered on "an unreasonable risk of harm to people *on the property*." *Id.* (emphasis added). The Plaintiffs did not provide a single case holding that premise liability applied to an injury that occurred anywhere other than on the property. Plaintiffs can't proceed on the theory of premise liability.

The Swanlunds are on notice about the negligence claim from the Plaintiffs' previous complaints, and the elements of negligence and premise liability overlap. *Smart v. City of Chicago*, 43 N.E.3d 532, 544 (Ill. App. 2013). It's the substance of the pleading not the form or label that controls. *See e.g.* Fed. R. Civ P. 8(e) ("Pleadings must be construed so as to do justice."). Plaintiffs can proceed with a negligence claim if they have stated a plausible claim for relief.

**Negligence**

4

An Illinois negligence action requires showing "[1] a duty owed by the defendant to the plaintiff, [2] a breach of that duty, and [3] an injury [4] proximately caused by the breach." *Johnson v. Armstrong*, 211 N.E.3d 355, 371 (Ill. 2022) (citation omitted). Drawing reasonable inferences from the pleadings in favor of Plaintiffs, Plaintiffs have adequately stated a negligence claim.

**Duty**

Under Illinois law, duty is a question of law determined by the court. *Ward v. K mart Corp.*, 554 N.E.2d 223, 226 (Ill. 1990). But the existence of a duty depends on the particular facts of the case. *Ziemba v. Mierzwa*, 566 N.E.2d 1365, 1366 (Ill. 1991). The duty analysis is guided by four key factors: "(1) the foreseeability of the injury; (2) the likelihood of the injury; (3) the difficulty of guarding against it; and (4) the consequences of putting the burden to guard against it on the defendant." *Roh v. Starbucks Corp.*, 881 F.3d 969, 973 (7th Cir. 2018) (citations omitted).

"To determine the issue of whether defendant had a duty to plaintiff, we first must consider whether it was reasonably foreseeable that the condition of defendant's [property] would result in a fire that spread to an adjacent structure." *Bartelli v. O'Brien*, 718 N.E.2d 344, 349 (Ill. App. 1999). "At the risk of stating the obvious, the danger of fire is foreseeable in virtually any context." *Id.* The spread of fire is "eminently foreseeable" between the shared walls at issue in this case. *Fed. Ins. Co. ex rel. Singer v. ADT Sec. Sys., Inc.*, 222 F.R.D. 578, 581 (N.D. Ill. 2004). As the Plaintiffs indicate in their complaint, when an apartment unit lacks running

5

water it's more difficult to immediately extinguish the fire and foreseeable that the fire will spread to an adjacent building. *Bartelli*, 718 N.E.2d at 349.

The Court in *Bartelli* concluded that "the defendant landowner did not owe a duty to occupiers of [the] land and adjacent owners or occupiers to prevent the spread of fire by use of equipment that is available." *Id.* at 350. So, there is no general duty to furnish a building with fire protection system. However, once equipment is provided, there is a duty to maintain it. *Id.* Likewise, the duty to use reasonable care remains and turns on the facts of the case. *Aetna Ins. Co. v. 3 Oaks Wrecking & Lumber Co.*, 382 N.E.2d 283, 287 (Ill. App. 1978) (holding that duty to neighboring property owners existed when risk of fire starting in defendant's building was foreseeable). The fire risk in this case was eminently foreseeable given the facts of the pleadings. The Swanlunds' property shared a wall with their neighbor. They knew the unit lacked water but continued to rent it out to a tenant anyway. An occupied unit without access to running water creates a foreseeable fire risk.

The likelihood of injury "in the context of physically adjoined structures is substantial." *Fed. Ins. Co. ex rel. Singer*, 222 F.R.D at 581. The lack of readily available water, the most basic and original fire suppressant, in an occupied unit, increases the likelihood of a damaging fire by making it more difficult to snuff out a fire before it can cause damage.

The burden of maintaining running water in an apartment that is actively rented out by a tenant is insubstantial. A landlord can either rely on the tenant to report the lack of water or delegate the duty to the tenant entirely.

In their answer, the Swanlunds deny that they knew about the lack of running water. They also argue that no duty existed because the lease placed the responsibility for water on Defendant Coltrain. The nature of the lease and the Swanlunds' knowledge are factual questions that can't be resolved on the pleadings.

**Breach**

The Plaintiffs have plausibly suggested that the Swanlunds breached their duty by failing to provide water. It may turn out, as the Swanlunds argue, that the lack of water truly wasn't the Swanlunds' "problem" because that duty had been delegated to Coltrain through a lease that placed the obligation on him. The Court can't reach such a conclusion based on the complaint and answer, making reasonable inferences in favor of the Plaintiffs.

**Proximate Cause**

Proximate cause is a two-part inquiry in Illinois. *Kramer v. Szczepaniak*, 123 N.E.3d 431, 438 (Ill. App. 2018). The plaintiff must plausibly suggest that the defendant's act was both a cause in fact and legal cause of the injury. *Id.* Ordinarily, the issue of proximate cause is determined by the trier of fact. *Robinson v. Vill. of Sauk Vill.*,178 N.E.3d 778, 787 (Ill. App. 2021). If "the facts are undisputed and reasonable people would not differ as to the inferences to be drawn from the facts, proximate cause may be determined as a matter of law." *Id.* at 787–78.

7

An act is a cause in fact of an injury if there is a "reasonable certainty" that defendant's act caused the injury. *Kramer*, 123 N.E.3d at 438. If an independent third-party act caused the injury, courts ask whether "the defendant's conduct 'was a material element and a substantial factor' in causing the injury." *Scott v. Wendy's Props., LLC*, 131 F.4th 815, 819 (7th Cir. 2025) (quoting *Union Planters Bank, N.A. v. Thompson Coburn LLP*, 935 N.E.2d 998, 1021 (Ill. App. 2010).

Because Coltrain's unit lacked water, he and the other individuals present had to run to Sharky's. It's reasonable to assume, as the Court must at this stage of the proceeding, that if they had immediate access to water they could have suppressed the fire and limited the harm. Thus, the delay in accessing water was a substantial factor in the damage to Sharky's. The "cause in fact" prong is adequately pled.

The legal cause analysis turns on foreseeability. *Scott*, 131 F.4th at 819. The question is whether "'the injury is of a type that a reasonable person would see *as a likely result* of his or her conduct.'" *Id.* (quoting *Abrams v. City of Chicago*, 811 N.E.2d 670, 676 (Ill. 2004)) (emphasis in original). If a third-party's tort contributed to the injury the question is whether "the intervening efficient cause [w]as a natural and probable result of the [defendant]'s own negligence." *Scott*, 131 F.4th at 920 (quoting *First Springfield Bank & Trust v. Galman*, 720 N.E.2d 1068, 1072 (Ill. 1999)) (alteration in original).

Plaintiffs have plausibly alleged that the possibility of a fire starting and growing out of control is a likely consequence of failing to provide a tenant with

8

running water. As the Swanlunds argue, it may turn out that Defendant Coltrain's actions were so unforeseeable as to be a superseding cause, but the Court can't make this determination at the pleading stage.

**Injury**

Given the allegations about extensive damage to Sharky's, Plaintiffs have adequately pled the injury element.

**A Brief Word on Generative AI**

It appears that the Swanlunds included erroneous citations in their motion to dismiss. *See* Swanlunds' Mot. to Dismiss, Dkt. 176 ¶ III.B. *Rowe v. State of Lombard* exists but the reporter volume and first page of the case are represented inaccurately. Cases called *O'Sullivan v. City of Chicago* exist, but the reporter volume, first page, date, and court are all represented inaccurately. Further, it doesn't appear that any of the real *O'Sullivan* cases support the proposition for which the Swanlunds cite it. Given what this Court knows about generative artificial intelligence, the Court believes Defendants used it. Erroneous citations don't help a party and are unacceptable. Defendants are cautioned that the submission of false information including erroneous citations may result in sanctions.

**Conclusion**

The Swanlunds' motion for judgment on the pleadings is denied. The Plaintiffs have plausibly stated a claim for negligence. Whether they can prove the claim remains to be seen.

Entered: December 10, 2025  By: _____
Iain D. Johnston
U.S. District Judge